**Dickie Lee LAWRENCE, Petitioner-Appellant,**

v.

**Lake F. RUSSELL, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent-Appellee.**

No. 19683.

United States Court of Appeals, Sixth Circuit.

Sept. 4, 1970.

John G. Cobey (Court appointed), Cincinnati, Ohio, for petitioner-appellant; Cohen, Todd, Kite & Spiegel, Cincinnati, Ohio, on brief.

James M. Tharpe, Special Counsel, Memphis, Tenn., for respondent-appellee; David M. Pack, Atty. Gen. and Reporter, State of Tennessee, of counsel.

Before EDWARDS, CELEBREZZE and BROOKS, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from denial by a District Judge in the United States Dis-

trict Court for the Western District of Tennessee (Western Division) of petitioner's application for a writ of habeas corpus. He had been convicted in the Tennessee State courts on his guilty plea to the offense of attempted rape of a ten year old child—a capital offense under Tennessee law. He is serving a life sentence.

Petitioner was represented in this proceeding by the chief counsel of the Public Defender's office, who testified subsequently at a state post conviction habeas corpus hearing that he had recommended the plea of guilty because of the nature of the case and the possibility of the death penalty.

Appellant claimed in the state habeas corpus hearing and before the District Judge that his plea was involuntary because he had been beaten in jail and because he had been threatened with the death penalty. He also claimed incompetence of counsel.

At appellate argument, petitioner's appointed counsel relied heavily upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which was decided one month after the District Judge entered his order denying the writ sought in this case.

The District Judge did not conduct an evidentiary hearing in this case but did review and analyze the state court corpus hearings. As to the voluntariness records in two prior state court habeas ness of the plea, the District Judge found:

> "There was no evidence that pressure was applied to petitioner's then wife or mother to induce him to plead guilty, and he does not seem to have so contended in State court.

> "The preponderance of the evidence is that petitioner authorized the guilty plea when it was entered by his counsel and was satisfied with it when he did so. We understand petitioner to contend that he arose from his chair indicating disagreement with some part of the stipulation of facts when it was being read to the jury, and he

apparently contends that he thereby indicated disagreement with the entry of the guilty plea. The preponderance of the evidence is, however, that this simply did not happen.

> "The preponderance of the evidence is that the prosecutor did not threaten petitioner in open court or elsewhere to send him to the chair if he did not plead guilty.

> "The preponderance of the evidence is that petitioner's counsel told him that he could, not would, go to the chair if he went to trial. Under the dire circumstances of this case, however, we do not believe that this conviction would be vitiated even if counsel had told petitioner that the jury would give him the chair if he went to trial.

> "A plea of guilty entered on a plea-bargain for a specified sentence is not thereby rendered void. This may have been held in some courts, but is not the general rule. If this were so, the penitentiaries would indeed be opened up. (For the universality of the plea-bargain, see 'The Prosecutor's Role in Plea Bargaining,' 38 Univ. of Chicago Law Review, No. 1 at p. 50)."

Bearing on the same issue but relating to appellant's claim that a beating in jail sometime prior to the plea of guilty induced or occasioned the same, the District Judge found:

> "It is clear from the record that petitioner was beaten up in the jail by fellow prisoners because of their intense disapproval of the crime of which they thought him to be guilty. But there is no evidence that the beating (a) induced him to plead guilty or (b) so affected his mind that he did not know what he was doing when he pleaded guilty."

As to competence of counsel, the District Judge found:

> "The preponderance of the evidence is that petitioner's Court-appointed attorney conferred with him more than once, that petitioner had agreed to plead guilty, that there was no occa-

sion to subpoena witnesses, that the petitioner did not request the attorney to subpoena the witnesses as contended, and that under the circumstances it would have been fruitless to subpoena these witnesses even if petitioner had gone to trial."

Basing his decision primarily on the facts found above, the District Judge denied the writ.

We have also read the transcripts of the two state court habeas corpus hearings. It seems clear to us that each meets the test of "a full and fair evidentiary hearing in a state court" set forth in Townsend v. Sain, 372 U.S. 293, 312, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); and that the evidence adduced particularly at the hearing of October 6, 1967, fully supports the findings of fact and conclusions of the District Judge.

■■■ We believe that the evidence at the state court hearings shows that appellant knew exactly what he was doing in entering his plea of guilty. We agree with the District Judge that the acceptance of an agreed upon sentence in order to escape the possibility of a worse fate (here the death penalty) does not render such a plea constitutionally involuntary (Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970)), and that the record does not establish any causal connection between the beating suffered by appellant at the hand of fellow prisoners and his plea of guilty.

We also feel from this record, including appellant's own testimony before the state court judge, that both the state judge and the District Judge had a right to infer that the compulsion upon appellant to enter this plea of guilty and to accept an agreed upon sentence was his own knowledge that he had committed a heinous crime and the state was prepared to prove it.

■■■ We find no merit to appellant's claim of incompetence of counsel.

■■■ The last issue sought to be presented in this appeal—if really presented at all before the District Court—was phrased in this way in petitioner's amended petition for writ of habeas corpus:

"The petitioner further contends that Rule 11 of the Federal Rules of Criminal Procedure as applied to the states by the Fourteenth Amendment was not complied with."

Since the filing of appellant's petition, the Supreme Court has decided McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), holding that Rule 11 of the Federal Rules of Criminal Procedure should be strictly enforced and Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), holding that the McCarthy decision applied only prospectively. Both of these decisions, however, concerned the interpretation and application of a federal rule of criminal procedure and neither purport to control state court criminal procedure.

In *Halliday* (still talking, of course, about federal criminal cases) the Court said:

"However, a defendant whose plea has been accepted without full compliance with Rule 11 may still resort to appropriate post-conviction remedies to attack his plea's voluntariness. Thus, if his plea was accepted prior to our decision in *McCarthy*, he is not without a remedy to correct constitutional defects in his conviction. *Cf.* Johnson v. New Jersey, *supra*, at 730 [384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882 (1966)]. * * * In *McCarthy* we noted that the practice we were requiring had been previously followed by only one Circuit; that over 85% of all convictions in the federal courts are obtained pursuant to guilty pleas; and that prior to Rule 11's recent amendment, not all district judges personally questioned defendants before accepting their guilty pleas. Thus, in view of the general application of Rule 11 in a manner inconsistent with our holding in *Mc-*

*Carthy*, and in view of the large number of constitutionally valid convictions that may have been obtained without full compliance with Rule 11, we decline to apply *McCarthy* retroactively." Halliday v. United States, *supra* at 833, 89 S.Ct. at 1499.

Appellant's counsel now points to *Boykin, supra*, (decided after the District Judge's opinion in our instant case) as making Rule 11 fully applicable to state court criminal proceedings. We do not find language in *Boykin* to support this view and if we did, we believe that the prospective rule adopted in relation to federal cases in *Halliday, supra*, would apply a fortiori to state court cases.

The judgment of the District Court is affirmed.