THE STATE OF OHIO, APPELLEE, *v.* GRIFFEY, APPELLANT.

[Cite as State v. Griffey (1972), 29 Ohio App. 2d 246.]

(No. 30568—Decided March 30, 1972.)

*Mr. John T. Corrigan*, prosecuting attorney, for appellee.

*Mr. Harry Youtt*, for appellant.

KRENZLER, J. This is an appeal from a judgment of the Common Pleas Court of Cuyahoga County.

Defendant appellant, hereinafter referred to as "defendant," was indicted on July 1, 1969, by the Cuyahoga County Grand Jury for one count of forgery, under R. C. 2913.01, and one count of uttering, under R. C. 2913.01. At

his arraignment on July 16, 1969, defendant entered a plea of not guilty to both counts.

On September 9, 1969, defendant appeared in open court with his attorney and withdrew his plea of not guilty, and entered a plea of guilty to the second count of the indictment for uttering and publishing a forged instrument. The trial court accepted the plea of guilty. The first count of the indictment for forgery was nolled on the recommendation of the County Prosecutor.

Defendant was sentenced to the Ohio Penitentiary with the sentence to run concurrently with the service of sentences from Ashtabula County, also for the crimes of uttering and publishing.

Defendant filed this appeal and his assignment of error is as follows:

"Appellant was denied fundamental due process of law at the time his plea of guilty was accepted, in that the trial court failed to make a full determination in regard to appellant's understanding of that to which he was pleading guilty and to the consequences of such plea. Without such a determination, the voluntariness of such a plea is in question."

The transcript of proceedings made at the time the trial court allowed the defendant to withdraw his plea of not guilty and enter a plea of guilty contains the following. The court made inquiry of the defendant concerning his age, employment, marital status and schooling. The court further inquired as to whether defendant's attorney had explained to him all of the facts and circumstances surrounding the guilty plea; whether he understood he had a right to a trial by jury or a trial by the court; that the prosecutor must prove him guilty beyond a reasonable doubt; that he was pleading guilty to a felony and that he might be incarcerated; and finally the court asked the defendant whether the plea was of his own free will and whether he had received any inducements to enter the guilty plea. After making the foregoing inquiries and receiving the appropriate responses the trial court accept-

ed the defendant's plea of guilty to the second count in the indictment. The court nolled the first count of the indictment.

The prosecution contends that the plea was knowingly, voluntarily and intentionally made, that the plea was not the result of coercion, deception or intimidation, that defense counsel was present at the time of the plea and that he advised the defendant of the circumstances surrounding the indictment, that the defendant understood the nature of the charge against him and that he was motivated either by a desire to seek a lesser penalty or the fear of the consequence of a jury trial. *State* v. *Piacella* (1971), 27 Ohio St. 2d 92. Also see, *North Carolina* v. *Alford* (1970), 400 U. S. 25; *Brady* v. *United States* (1970), 397 U. S. 742; *Boykin* v. *Alabama* (1969), 395 U. S. 238; *Machibroda* v. *United States* (1962), 368 U. S. 487.

The prosecutor further contends that when a defendant enters a plea of guilty, in addition to being a confession, it is like a verdict of a jury, and is conclusive, and the court has nothing to do but enter judgment and sentence. *Kercheval* v. *United States* (1927), 274 U. S. 220, 223, 71 L. Ed. 1009.

This court has had numerous cases on appeal concerning the issue of the validity of a guilty plea. Unfortunately, many guilty pleas accepted by trial courts do not satisfy the requirement that the plea be voluntarily, intentionally and understandingly entered into and that defendant know the nature of the charge against him and the consequences of his pleading guilty.

Acceptance of a plea of guilty by the trial court should be based on substance and not form. Many times guilty pleas are accepted by the trial judge merely going through motions and not making a determination that the defendant's plea was voluntarily made. Acceptance of a plea should be based on reality and not be a mere ritual. *Kennedy* v. *United States* (6th Cir. 1968), 397 F. 2d 16.

Because of the serious nature of a plea of guilty it is incumbent upon the court to take the necessary time to

inform a defendant of his rights and determine whether the defendant has a complete understanding of the action he is taking.

This court believes that a useful purpose will be served in setting forth certain minimum standards that must be satisfied before a trial judge can accept a plea of guilty.

When a defendant enters a plea of guilty he is admitting his guilt of a crime, which may be the crime charged or a lesser included offense, and it is then not necessary for him to go to trial. A guilty plea is more than a confession which admits that the accused did various acts. It is itself a conviction and nothing remains but to give judgment and determine punishment. *Boykin* v. *Alabama, supra; Machibroda* v. *United States, supra.*

A plea agreement is now a well accepted and approved method of disposing of criminal cases. It is probably the most frequent method of conviction in all jurisdictions. In some localities as many as 95% of the criminal cases are disposed of in this manner. ABA Project on Minimum Standards for Criminal Justice: Standards Relating to Pleas of Guilty, p. 1 (Approved Draft 1968).

The guilty plea provides a means by which a defendant may acknowledge his guilt and manifest a willingness to assume responsibility for his conduct.

A guilty plea should be accepted by the trial court when a person charged with a crime enters a plea of guilty voluntarily, knowingly and intentionally, with an understanding of the charge against him and of the consequences of entering a plea of guilty. However, in the use of this procedure the courts have an obligation to make sure that an innocent defendant does not involuntarily enter a plea of guilty because of fear, intimidation, coercion or lack of understanding.

Before a guilty plea is accepted the trial judge should make certain that the defendant's constitutional rights and privileges have been explained to him. Courts should use utmost caution not to accept a guilty plea unless made voluntarily and after a proper advice by the court to the

defendant and with his full understanding of the consequences. *Machibroda* v. *United States, supra.*

The Fifth and Sixth Amendments of the United States Constitution guarantee an accused certain rights and privileges, including the privilege against self-incrimination, the right to trial by jury, the right to assistance of counsel, the right to confront witnesses against him, the right to be informed of the nature and cause of the accusation, and the right to compulsory process for obtaining witnesses in his favor.

An accused's constitutional rights apply whether he is tried or enters a plea of guilty.

Federal constitutional rights enumerated in the Fifth and Sixth Amendments have been held applicable to state court proceedings by virtue of the Fourteenth Amendment, as follows:

1. Right to counsel. *Gideon* v. *Wainwright* (1963), 372 U. S. 335; *Chandler* v. *Fretag* (1954), 348 U. S. 3; *Powell* v. *Alabama* (1932), 287 U. S. 45.

2. Right to a trial by jury (except in prosecutions for petty crimes). *Duncan* v. *Louisiana* (1968), 391 U. S. 145.

3. Right to confront one's accusers. *Pointer* v. *Texas* (1965), 380 U. S. 400; and to cross examine witnesses against him. *Douglas* v. *Alabama* (1965), 380 U. S. 415.

4. Privilege against self-incrimination. *Malloy* v. *Hogan* (1964), 378 U. S. 1.

5. Right to compulsory process for obtaining witnesses in his favor. *Washington* v. *Texas* (1967), 388 U. S. 14.

A denial of any of the foregoing constitutional rights would constitute prejudicial error and invalidate a conviction whether by trial or by a plea of guilty.

When a defendant withdraws a plea of not guilty and/or enters a plea of guilty he waives the foregoing constitutional rights.

For a waiver of constitutional rights to be valid under the due process clause there must be an intentional relinquishment or abandonment of a known right or privilege. The waiver must be voluntarily, intelligently and

knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. Otherwise, it is in violation of due process and is therefore void. The court has a duty to advise the defendant of his constitutional rights and must make sure that he waives his constitutional rights before it accepts the plea of guilty. This protective duty imposes the serious and weighty responsibility on the trial judge of determining whether there was an intelligent and understanding waiver by the accused. While accused persons may waive their constitutional rights, the question of whether there is a proper waiver should be clearly determined by the trial courts, and it would be fitting and appropriate for the determination to appear affirmatively in the record. Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights and do not presume acquiescence in the loss of fundamental rights. The record must disclose that the defendant voluntarily and understandingly entered a guilty plea. There must be an allegation or showing of affirmative waivers of constitutional rights, otherwise, a judgment of conviction based upon a guilty plea is unconstitutional and the accused is entitled to relief therefrom. See *Boykin* v. *Alabama, supra*; *McCarthy* v. *United States* (1969), 394 U. S. 459; *Carnley* v. *Cochran* (1962), 369 U. S. 506; *Johnson* v. *Zerbst* (1938), 304 U. S. 458; *Cleveland* v. *Whipkey* (1972), 29 Ohio App. 2d 79.

Before a guilty plea is accepted good practice would dictate that the trial court should advise the defendant of his constitutional rights and privileges and obtain a response indicating his understanding of the following:

1. He is proposing to enter a plea of guilty to a felony. Inform him of the nature of the charge and statutory penalities for the crime, both as to minimum and maximum sentence.

2. He has a right to confront and cross examine his accusers and any witness against him.

3. He does not have to testify at the trial.

4. He has a right to a trial by jury or he can waive the trial by jury and have a trial by the court.

5. He has compulsory process for obtaining witnesses in his favor.

6. If he is tried he is presumed innocent and the prosecution has the burden of proving him guilty beyond a reasonable doubt.

7. No one can make any promises on behalf of the court as to the manner and disposition of the case and in the event defendant is referred to the probation department for a presentence report this does not mean that the defendant will be placed on probation.

Further, before a guilty plea is accepted the trial court should make the following additional inquiries and obtain appropriate responses:

8. Age, education and employment of the defendant.

9. Does the defendant have confidence in his lawyer?

10. Did the defendant's lawyer explain to him his constitutional rights and the nature of the charge and the consequences of the defendant's entering a plea of guilty?

11. Were any promises, threats or inducements made to the defendant to get him to enter a plea of guilty?

12. Does the defendant or his lawyer have any evidence to present which would raise doubt of the defendant's guilt or show he is innocent of the crime to which he is entering a plea of guilty?

13. Does the defendant understand everything that has transpired? Does he have any questions about his rights and about any of the procedures that have taken place?

14. Does the defendant want to withdraw his plea of not guilty and enter a plea of guilty? If his response is in the affirmative, ask the defendant how he pleads to the charge.

15. Is he making this plea of his own free will and volition?

It is noted that Rule 11 of the Federal Rules of Criminal Procedure requires that the court make a determina-

tion that there is a factual basis for a plea of guilty by the defendant.

The new Minimum Standards for Criminal Justice of the American Bar Association also provide for a factual determination by the court when a plea of guilty is taken. ABA Project on Minimum Standards for Criminal Justice: Standards Relating to Pleas of Guilty, § 1.6 (Approved Draft 1968).

The provisions of Rule 11 are not yet required to be followed in state court proceedings, but it is good practice and recommended. The judge should satisfy himself that there is a factual basis for the plea. He can make this determination by making inquiry of the defendant and/or the prosecutor. The judge should determine that the conduct the defendant admits constitutes the offense charged or an offense included therein to which the defendant has entered a plea of guilty. This is done to make sure that the conduct of the defendant falls within the charge to which the defendant is pleading guilty. *McCarthy* v. *United States, supra.*

By making a determination that there is a factual basis for the guilty plea the court will be aided in determining whether the plea was voluntary and it will also provide a record on appeal or in postconviction proceedings that would withstand attack as to the voluntary nature of the plea and a lack of understanding by the defendant. *McCarthy* v. *United States, supra.*

After carefully reviewing the transcript of proceedings and the dialogue between the trial court and the defendant, this court concludes that the defendant's plea of guilty was not knowingly, intentionally and voluntarily made and that the defendant did not understand the nature of the charge against him and the full consequences of his entering a plea of guilty.

The judgment of the trial court is reversed and remanded for further proceedings according to law.

*Judgment reversed.*

DAY, C. J., and JACKSON, J., concur.