**Harold Jimmy WADE, Appellant,**

v.

**Ira M. COINER, Warden of the West Virginia State Penitentiary, Appellee.**

**No. 71–1638.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 31, 1972.

Decided Oct. 26, 1972.

Larry J. Ritchie, Washington, D. C. (Court-appointed counsel), for appellant.

Richard E. Hardison, Asst. Atty. Gen. of West Virginia (Chauncey H. Browning, Jr., Atty. Gen. of West Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and RUSSELL, Circuit Judges.

CRAVEN, Circuit Judge:

■ In this appeal from denial of habeas relief, capable court-appointed counsel for Prisoner Wade frames the question to be whether Wade was denied due process by the acceptance of his guilty plea without specifically determining "whether Wade understood the nature of the charge and the relation of the law to the acts he committed and the consequences of his plea, i. e., the waiver of several constitutional rights?" We agree that for the plea to stand Wade must have been "fully aware of the direct consequences"[1] of his plea, but we reject the contention that under either the Constitution or Rule 11, if applicable to the states, and we think it is not, Wade was entitled to specific monition as to the several constitutional rights waived by entry of the plea.

Wade got a bargain. In exchange for his plea of guilty to receiving stolen goods, the state nol prossed a breaking and entering charge, substituted the receiving charge for an accusation of grand larceny, and agreed not to file a recidivist information against Wade. The transcript of the plea hearing in the state court shows that the trial judge asked Wade's attorney whether he had explained Wade's rights to him, and particularly his right to trial by jury, and that the attorney answered affirmatively. Addressing Wade directly, the record shows that the judge asked whether he voluntarily wished to enter a guilty plea and whether he understood that he could be sentenced for one to ten years for the offense. Wade answered affirmatively. The judge then asked Wade whether his plea was based upon actual participation in the crime of receiving stolen property, at which point the prosecuting attorney interrupted and properly revealed to the court the plea bargain.

■ Despite the dissenting statement of Mr. Justice Harlan, joined in by Mr. Justice Black, we do not find in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), a rule fastening the "rigid prophylactic requirements of Rule 11" of the Federal Rules of Criminal Procedure upon the states. As a matter of expediency and circumspection, state judges may choose to engage in the colloquy mandated for their federal colleagues by Rule 11, but there is nothing in Boykin that requires them to do so. The exhortation to state judges to exercise the utmost solicitude "in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence" is silent as to the method of discharging that function. If the record affirmatively shows that the plea was intelligently and voluntarily entered, that is enough. The substance of the inquiry will, of course, be analogous to a Rule 11 colloquy. Smith v. Cox, 435 F. 2d 453, 457 (4th Cir. 1970). But it would probably suffice for the Clerk or defendant's counsel, or even the solicitor, to advise the defendant of the nature of the charge and the consequences of his plea rather than the judge himself addressing the defendant as required by Rule 11.

■ In United States v. Frontero, 452 F.2d 406 (5th Cir. 1971), Judge Wisdom discusses in the context of Rule 11 the same contention now urged upon us: that all of the several constitutional rights that are given up by entry of a guilty plea must be separately called to the attention of the accused and that it must be explained to him that his plea constitutes a waiver of at least the following, and maybe more: right of confrontation, privilege against compulsory self-incrimination, right to a speedy and public trial, right to an impartial jury,

---

1. The phrase is lifted from Judge Tuttle's standard concerning voluntariness approved by the Supreme Court. Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

right to compulsory process for obtaining witnesses, right to be free from cruel and unusual punishment, and right to be free from unreasonable searches and seizures. With the Fifth Circuit, we are

> aware of no precedent, from the Supreme Court or elsewhere, for the proposition that due process requires that a defendant be informed of each and every right which is waived by a guilty plea or that the waiver of these rights is a "consequence", within the meaning of Rule 11, of which a defendant must be personally informed before a guilty plea may be accepted.

*Frontero* at 415. *Accord,* United States v. Ready, 460 F.2d 1238 (4th Cir. 1972); United States v. Tabory, 462 F.2d 352 (4th Cir. 1972).

We also agree with the Fifth Circuit that *Boykin* is not authority for such a contention.

> This reliance is misplaced. *Boykin* involved a silent record, where there was absolutely no showing that the guilty plea was intelligently and voluntarily entered. The record in the case at bar reveals affirmative awareness of the "consequences" of a guilty plea.

*Frontero,* at 415. A catechism of the constitutional rights that are waived by entry of a guilty plea is not compelled either by the Constitution or by Rule 11.[2]

The record shows affirmatively that Wade voluntarily and intelligently entered his guilty plea. He understood the nature of the charge and the consequences of his plea. The decision below declining habeas relief will be

Affirmed.

2. We note the recommendation of the American Bar Association concerning acceptance of guilty pleas. ABA Project on Standards for Criminal Justice, The Function of the Trial Judge § 4.2 (Tent. Draft, June 1972). We also note the proposed amendment to Rule 11 that provides that if a defendant pleads guilty or nolo contendere he must be advised that "there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial by jury or otherwise and the right to be confronted with the witnesses against him." Proposed Amendments to the Federal Rules of Criminal Procedure for the United States District Courts and the Federal Rules of Appellate Procedure, Rule 11(c)(4) (Prelim. Draft, April 1971).