**UNITED STATES of America, ex rel. Walter MONTGOMERY, Plaintiff-Appellee,**

**v.**

**PEOPLE OF the STATE OF ILLINOIS, Defendants-Appellants.**

**No. 72–1077.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 26, 1973.

Decided Feb. 16, 1973.

Frederick F. Cohn, Chicago, Ill., for defendants-appellants.

William J. Scott, Atty. Gen., E. James Gildea, Asst. Atty. Gen., Chicago, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and STEVENS and SPRECHER, Circuit Judges.

PER CURIAM.

In 1958, petitioner pleaded guilty in state court to charges of murder, rape on two occasions, and attempted rape. Before accepting the pleas, the presiding

judge advised petitioner what the maximum sentence on each charge could be: death or "any number of years" in prison on the murder charge, life on each of the rape charges, and 14 years on the attempted rape charge.

The court then imposed the following sentences to run consecutively: 199 years for murder, 99 years for rape, 99 years for rape, and 13 to 14 years for attempted rape. In his habeas corpus petition, defendant argues that the guilty plea was involuntary because the judge failed to admonish him as to the possible imposition of consecutive sentences. The district court denied relief on the ground that the admonitions given were sufficient since the defendant had been effectively advised as to the maximum sentence he could receive. We affirm.

 Petitioner relies heavily in his brief on cases involving Federal Rule of Criminal Procedure 11. While federal postconviction relief for violations of Rule 11 has been granted under 28 U.S. C. § 2255, see United States v. Smith, 440 F.2d 521 (7th Cir. 1971), and cases cited therein, such cases do not raise Rule 11 to a constitutional level. In Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417, the Supreme Court held that postconviction relief is appropriate only to correct constitutional error or jurisdictional defect. Yet, there is nothing in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418, to indicate that Rule 11 is constitutionally compelled. And in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16, the Court pointedly disavowed any such purpose. Nor did this court explicitly so hold in *Smith*. To the contrary, we have squarely held that due process does not require the states to utilize all of the procedures required by Rule 11. Hansen v. Matthews, 424 F.2d 1205 (7th Cir. 1970).[1]

Thus, the crucial question is whether this defendant voluntarily and understandingly entered his plea of guilty to all charges. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274; Hansen v. Matthews, 424 F. 2d 1205 (7th Cir. 1970). We have reviewed the record and are satisfied that the plea was voluntary. He was represented by competent counsel. In our opinion, a defendant who is advised that he is subject to the death penalty or to imprisonment for "any number of years" has been sufficiently admonished of the possible consequences of his conviction. The court's failure to explain the difference between concurrent and consecutive sentencing did not deprive petitioner of due process of law. The judgment is

Affirmed.

---

1. Moreover, in any event, Rule 11 cases should not be applied retroactively to encompass the 1958 pleas here involved. See Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16.