Claude Francis **RODDY, Jr.,**
Petitioner-Appellant,

v.

Harold E. **BLACK, Superintendent,**
Respondent-Appellee.

No. 74–1985.

United States Court of Appeals,
Sixth Circuit.

May 27, 1975.

Claude Francis Roddy, Jr., Donald L. Cox, Louisville, Ky., for petitioner-appellant.

Ed W. Hancock, Atty. Gen. of Ky., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellee.

Before CELEBREZZE, PECK and ENGEL, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from the denial of a writ of habeas corpus. After an evidentiary hearing, the District Court rejected Appellant's contention that habeas relief was justified on the grounds that his guilty plea was not properly accepted, that his counsel had rendered ineffective assistance, and that his convictions were induced by the perjury of an ex-wife.

Appellant was charged on December 8, 1971 in two separate indictments alleging immoral and indecent practices under section 435.105, Ky.Rev.Stat. Indictment No. 145905 charged that he had engaged in forbidden activity with an eleven-year-old stepdaughter, Paula Corbitt. Indictment No. 145521 asserted a similar offense involving a second child.

On January 10, 1972, a pre-trial conference was held among Appellant, his counsel, and the Commonwealth's Attorney. This conference was preceded by numerous interviews between Appellant and his attorney, as well as discussions between Appellant's counsel and the complaining witnesses. At the conference, what the District Court described as "an agreed disposition" was reached. Under it Appellant was to plead guilty to assault and battery on Indictment No. 145521 and to receive a 90-day jail sentence, with credit for 71 days already served. As to Indictment No. 145905, the District Court stated that the following terms were agreed to:

> The defendant was to plead guilty and to receive a recommended sentence of ten years with the understanding that the defendant would move that the sentence would be withheld for five years and that there would be no objection by the Commonwealth.

Appellant signed a "pre-trial disposition sheet" for No. 145905, which states that his guilty plea would be to the charge of "I & I," that the maximum sentence was ten years, and that the recommendation would be "10 yrs Deft Mo W/H for 5 yrs No objection by Commonwealth." The state trial judge then convened a formal session and accepted Appellant's guilty plea, after a colloquy reprinted as an Appendix to this opinion. Appellant was convicted of assault and battery on No. 145521 and of immoral and indecent practices on No. 145905, receiving a 90-day jail term and a probated ten-year sentence on the respective charges.

While on probation in late 1972, Appellant was charged with armed robbery, malicious shooting and wounding, and grand larceny. Although these charges appear to have been dismissed, they resulted in revocation of his probation. On January 19, 1973, he was sentenced to serve the full ten years received under Indictment No. 145905. After exhausting state remedies, Appellant sought habeas relief from the federal courts. The District Court's denial of a writ led to this appeal.

 First, Appellant argues that he is "obviously and clearly innocent of any

charges" and that justice demands issuance of a writ. The Great Writ is not an instrument which the federal courts may employ at will to reverse state criminal convictions. Rather it is the means by which federal courts may undo "restraints contrary to our fundamental law, the Constitution." Fay v. Noia, 372 U.S. 391, 409, 83 S.Ct. 822, 832, 9 L.Ed.2d 837 (1963). Assuming that no constitutional violations occurred in the taking of Appellant's plea, his imprisonment is the proper and direct result of his own admission of guilt. That his conviction may have been the result of plea bargaining and that he did not expressly admit his guilt are factors that do not invalidate his plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); United States v. Cox, 464 F.2d 937, 943 (6th Cir. 1972). Absent a claim of prosecutorial involvement in perjured testimony, the federal habeas corpus court has no jurisdiction to consider Appellant's attack on the veracity of his ex-wife's charges against him. Burks v. Egeler, 512 F.2d 221 (6th Cir. 1975).

Second, Appellant asserts that he was denied the Sixth Amendment right to the effective assistance of counsel. The District Court made explicit findings that Appellant's counsel rendered him reasonably effective assistance, in accordance with the standards enunciated in Beasley v. United States, 491 F.2d 687 (6th Cir. 1974). The record supports these findings.

Third, Appellant argues that his plea was not knowingly and intelligently entered and that the state trial judge failed to follow procedures required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

One aspect of this claim is the argument that under Boykin, before accepting a guilty plea, a state judge must conduct an on-the-record examination of a defendant in full compliance with Rule 11, Fed.R.Crim.P. Appellant maintains that Boykin was violated because the trial judge failed to advise him of the maximum sentence for the offenses charged, to ascertain whether a factual basis existed for the plea, and to state precisely the charges to which he was pleading.

Rule 11 is a federal procedural rule, which must be observed scrupulously by the federal courts. McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); United States v. Wolak, 510 F.2d 164 (6th Cir. 1975). The precise terms of Rule 11 are not constitutionally applicable to the state courts. Scranton v. Whealon, 514 F.2d 99 (6th Cir. 1975); Lawrence v. Russell, 430 F.2d 718, 721 (6th Cir. 1970).[1]

What Boykin does require has not been fully discussed in this Circuit. Although our decisions have touched upon Boykin, referring to its "affirmative disclosure" requirement, Cochran v. Norvell, 446 F.2d 61, 63 (6th Cir. 1971),[2] no decision has dealt squarely with its meaning.[3]

Boykin requires that no guilty plea be accepted "without an affirmative showing that it was intelligent and voluntary." 395 U.S. at 242, 89 S.Ct. at 1711. Boykin mandates that a conviction based on a guilty plea be reversed

1. The circuits are in agreement on this point. McChesney v. Henderson, 482 F.2d 1101, 1106 (5th Cir. 1973); Beavers v. Anderson, 474 F.2d 1114, 1117 (10th Cir. 1973); United States v. Sherman, 474 F.2d 303, 305, 307 (9th Cir. 1973) (majority and dissenting opinions); United States ex rel. Montgomery v. People, 473 F.2d 1382, 1383 (7th Cir. 1973); Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972); State of Missouri v. Turley, 443 F.2d 1313, 1318 (8th Cir. 1971); Vickery v. State of South Carolina, 367 F.Supp. 407 (D.S.C.1973). But

cf. United States ex rel. Curtis v. Zelker, 466 F.2d 1092, 1102 (2d Cir. 1972) (dictum); Boykin, 395 U.S. at 247, 89 S.Ct. 1709 (Harlan, J. dissenting).

2. See also Ray v. Rose, 491 F.2d 285, 289 (6th Cir. 1974); United States v. Cox, 464 F.2d 937, 943 (6th Cir. 1972); Phillips v. Neil, 452 F.2d 337 (6th Cir. 1971).

3. In Green v. Wingo, 454 F.2d 52, 54 (6th Cir. 1972), we noted, "We confess doubts of the validity of our own understanding of Boykin."

unless "the prosecution spread[s] on the record the prerequisites of a valid waiver" of the constitutional rights which a defendant surrenders by pleading guilty. 395 U.S. at 242, 89 S.Ct. at 1712.

■ It is good procedure, therefore, for a state judge to conduct a careful inquiry into the defendant's understanding of the nature and consequences of his plea.[4] A comprehensive on-the-record inquiry into this matter "forestalls the spin-off of collateral proceedings that seek to probe murky memories." 395 U.S. at 244, 89 S.Ct. at 1713.

■ If the discussion between defendant and trial judge at the time of a plea's acceptance leaves doubt as to whether a plea was in fact voluntary and intelligent, however, a defendant is not automatically entitled to a reversal of his conviction. Rather, in that circumstance if a defendant argues in a post-conviction proceeding that his plea was entered without his consent or without an understanding of the plea's nature and consequences, *Boykin* places a burden on the State to prove the contrary. A habeas court may not "presume a waiver of [a defendant's] federal rights from a silent record." 395 U.S. at 243, 89 S.Ct. at 1712. The State must prove that the defendant's guilty plea was voluntary and intelligent, and to do so it may introduce evidence extrinsic to the transcript of the plea's acceptance. Todd v. Lockhart, 490 F.2d 626, 628 (8th Cir. 1974); McChesney v. Henderson, 482 F.2d 1101, 1106 (5th Cir. 1973); United

States v. Sherman, 474 F.2d 303, 307 (9th Cir. 1973) (Hufstedler, J., dissenting on other grounds); Stinson v. Turner, 473 F.2d 913, 915–16 (10th Cir. 1973); Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972); United States ex rel. Darrah v. Brierley, 415 F.2d 9 (3d Cir. 1969); Vickery v. State of South Carolina, 367 F.Supp. 407, 415 (D.S.C.1973); Mountjoy v. Swenson, 306 F.Supp. 379, 384–85 (W.D.Mo.1969); State v. Darling, 109 Ariz. 148, 506 P.2d 1042, 1046 (1973); Merrill v. State, 206 N.W.2d 828, 830–31 (S.D.1973); Morgan v. State, 287 A.2d 592, 598 (Me.1972).

■ In the face of an inadequate transcript at the time of a guilty plea's acceptance, the State must make a clear and convincing showing that the plea was in fact knowingly and understandingly entered.[5] LeBlanc v. Henderson, 478 F.2d 481 (5th Cir. 1973); Des Bouillons v. Burke, 418 F.2d 297, 300 (7th Cir. 1969).

■ The transcript of the plea's acceptance in this case is fairly extensive. The trial judge personally addressed Appellant and received affirmative replies to questions whether Appellant understood the charges against him, whether he intended to waive his self-incrimination, confrontation, and jury rights, whether he was pleading freely and voluntarily, and whether he was satisfied with his attorney's performance. This questioning fulfills *Boykin*'s requirement of "an affirmative showing that [Appellant's guilty plea] was intelligent and

---

4. Various states have provided for an on-the-record inquiry on this question at the time the plea is accepted, as a matter of state law rather than as a constitutional requirement. *See,* *e. g.,* People v. Kuchulan, 390 Mich. 701, 213 N.W.2d 95 (1973); People v. Jaworski, 387 Mich. 21, 194 N.W.2d 868 (1972); State v. Piacella, 27 Ohio St.2d 92, 271 N.E.2d 852 (1971); State v. Griffey, 29 Ohio App.2d 246, 281 N.E.2d 32 (1972); In re Tahl, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449, cert. denied, 398 U.S. 911, 90 S.Ct. 1708, 26 L.Ed.2d 72 (1970) (interpreting *Boykin*).

5. Our views do not differ in substance with the Eighth Circuit's statement in Todd v. Lockhart,

490 F.2d 626, 627–28 (8th Cir. 1974), that allowing evidence at a post-conviction hearing to "cure the otherwise defective plea-taking transcript . . . [does] not return to the pre-*Boykin* practice of assuming that a defendant represented by counsel has entered a voluntary and intelligent plea. Rather, [it means] that once a state prisoner has demonstrated that the plea taking was not conducted in accordance with *Boykin*, the state may, if it affirmatively proves in a post-conviction hearing that the plea was voluntary and intelligent, obviate the necessity of vacating the plea."

voluntary." 395 U.S. at 242, 89 S.Ct. at 1711.

■ Appellant argues, nonetheless, that this transcript[6] does not rebut his contentions that he was unaware of the possible maximum sentences on the charges against him, that there was no factual basis for the plea, and that he did not understand the charges to which he was pleading. Insofar as doubts exist based on the transcript of the plea's acceptance, the evidence adduced at the District Court's evidentiary hearing is clear and convincing that Appellant's plea was voluntary and intelligent in the challenged respects.

Appellant signed a disposition sheet which expressly stated that the maximum possible sentence on the more serious charge was ten years. Although Appellant cannot read, both his attorney and the prosecutor testified that Appellant fully understood the maximum sentence he could receive. As to sentencing, we agree with the District Court's observation that the agreements reached before his plea "are classic examples of plea-bargaining out of which Roddy received what he bargained for."

■ We believe that North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), requires us to reject Appellant's attack on the trial judge's failure to establish a factual basis for the plea. Alford held that there is no constitutional bar to accepting a guilty plea in the face of an assertion of innocence, so long as a defendant voluntarily, knowingly, and understandingly consents to be sentenced on a charge. This being the rule, there is no constitutional requirement that a trial judge inquire into the factual basis of a plea. The requirement that a federal trial judge inquire into the factual basis of a plea stems from Rule 11, Fed.R.Crim.P., rather than from the Constitution.

Finally, we reject Appellant's assertion that he did not understand the nature of the charges to which he was pleading. We do so in spite of an apparent error on the part of the trial judge, who addressed Appellant as follows before accepting his plea:

Q: The Court has been informed that you desire to change your plea in 145905 and 145521 to A and B. Do you understand this?

A: Yes, sir.

Q: How do you wish to plead to this?

A: Guilty.

Q: . . . I will permit you to plead guilty. The Commonwealth has amended that charge in 145521 to Assault and Battery for which the sentence will. be 90 days, credit for time served. On 145905, ten years in the penitentiary on Count 1.

It is unclear what the trial judge meant when he asked whether Appellant wanted to plead guilty "to A and B." It is probable, however, that "A and B" meant "assault and battery." With this interpretation of "A and B," it appears that the trial judge asked Appellant whether he was willing to plead guilty to "assault and battery" on both indictments, but convicted him of assault and battery on only one and of immoral and indecent practices on the other. This casts substantial doubt on the validity of the plea, especially in view of Appellant's testimony at the habeas hearing that he would not have pled guilty had he known that he would be convicted of immoral and indecent practices.

In view of this background, the State bore a heavy burden to show that Appellant in fact knew the nature of the charges to which he was pleading guilty. Appellant's counsel testified that Appel-

---

**6.** Although the transcript consists of handwritten notations on a standard form made by a court assistant rather than a trained court reporter, there is no dispute that it represents what happened when the plea was accepted. As an evidentiary matter, the document is an adequate transcript of the trial court's acceptance of the plea. *Cf.* Walker v. Caldwell, 476 F.2d 213 (5th Cir. 1973); Wade v. Coiner, 468 F.2d 1059, 1060 (4th Cir. 1972); Meller v. State of Missouri, 431 F.2d 120, 123–24 (8th Cir. 1970).

lant understood that his plea would be to immoral and indecent practices on one count, with a reduced charge only on the other. The prosecutor testified likewise, stating that Appellant's counsel "really told him and took up, I'm sure, a good 25 to 30 minutes talking to him about it," so that the prosecutor was certain Appellant knew "exactly what he was pleading guilty to." The disposition sheet for Indictment No. 145905, which Appellant discussed with his counsel before signing, describes the offense as "I & I." Finally, despite his apparent error in questioning Appellant, the trial judge testified that Appellant understood exactly the charges to which he was pleading.

The District Court found that this evidence demonstrated that Appellant "did understand the nature and consequence of his plea of guilty and, hence, he is not entitled to relief on the ground of mistake or misapprehension." Although we deplore the trial judge's failure to state precisely the charges to which Appellant was pleading and his apparent error in stating what they were, we cannot hold the District Court's finding clearly erroneous. The record demonstrates that Appellant understood that his plea on No. 145905 was to the offense of immoral and indecent practices and that only the charge on No. 145521 was reduced to assault and battery.

The Judgment of the District Court is affirmed.

### APPENDIX

---

The Court Addressing Counsel

Q: Mr. Werle, do you acknowledge the identity of the defendant?

A: Yes, Your Honor.

Q: Have you explained the defendant's rights to him?

A: Yes, your Honor.

Q: And how does the defendant wish to plead?

A: He wishes to plead guilty today as the Court will explain the charges.

The Court Addressing Defendant

Q: You have heard your attorney say that you wish to enter a plea of guilty. Is that your desire?

A: Yes, sir.

Q: Do you fully understand the charges against you?

A: Yes.

Q: Are you under the influence of drugs or alcohol today?

A: No, sir.

Q: Do you feel that your constitutional rights have been protected?

A: Yes, sir.

Q: Do you know that you have a right to a trial by jury, a right not to incriminate yourself and a right to confront witnesses against you, but that by pleading guilty you give up these rights?

A: Yes, sir.

Q: Do you desire to waive your right to trial by jury?

A: Yes, sir.

Q: Are you pleading guilty freely and voluntarily?

A: Yes, sir.

Q: Have you been threatened or promised anything to influence you to enter a plea of guilty?

A: No, sir.

Q: Are you satisfied with the advice of your attorney?

A: Yes, sir.

Q: Have you had all the time you wish to confer with your attorney?

A: Yes, sir.

Q: The Court has been informed that you desire to change your plea in 145905 and 145521 to A and B. Do you understand this?

A: Yes, sir.

Q: How do you wish to plead to this?

A: Guilty.

Q: Are you pleading guilty freely and voluntary (sic)?

A: Yes, sir.

Q: I will permit you to plead guilty. The Commonwealth has amended that charge in 145521 to Assault and Battery for which the sentence will be 90 days, credit for time served. On 145905, ten years in the penitentiary on Count I.

Q: Do you have anything to say before judgment is pronounced against you?

A: (By counsel) I will make a motion for probation.

Q: I will have to have a probation report and I will ask for a report on January 27th.

JOHN W. PECK, Circuit Judge (dissenting).

With all due respect, I feel required to dissent on the ground that under the circumstances reflected by the record, as a matter of logic as well as of law, no purported finding of fact inconsistent with the transcript can have validity. In my view, a reading of the plain language contained in the appendix to the majority opinion clearly demonstrates its inconsistency with the district judge's finding that the defendant "[understood] the nature and consequences of his plea of guilty." This illiterate defendant's "yes" and "no" responses to the court's series of leading questions lack weight if not relevance and are not entitled to consideration in view of the court's misstatement of the offense as to which defendant was entering a plea, which also vitiated the opinion testimony offered by the prosecutor and defense counsel. Plea bargaining is in my opinion at best a

suspect procedure and should not be rendered more hazardous by permitting a sentencing procedure transcript to be modified on the basis of parol evidence.