758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DANIEL RAY MELSON, PETITIONER-APPELLANT,
v.
GEAN SCROGGY, WARDEN, AND ATTORNEY GENERAL OF KENTUCKY,
RESPONDENTS-APPELLEES.
 NO. 84-5929
 United States Court of Appeals, Sixth Circuit.
 2/14/85
 
 ORDER
 BEFORE: ENGEL and KEITH, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 This pro se Kentucky state prisoner requests appointment of counsel in his appeal from the district court's order dismissing his habeas petition filed pursuant to 28 U.S.C. Sec. 2254. This matter has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On July 28, 1978, petitioner was indicted on one count of burglary, one count of theft by unlawful taking over $100.00, one count of criminal mischief and one count of criminal attempted burglary. On November 20, 1978, petitioner plead guilty to all four counts. On the same day, the trial court sentenced petitioner to a total of fourteen years imprisonment in conformance with the plea agreement. Three years later, petitioner filed a petition for post-conviction relief alleging that: 1) his guilty plea was involuntary and 2) he was denied effective assistance of counsel. A hearing was conducted on petitioner's motion in the trial court. Petitioner was represented by appointed counsel at the hearing. The petition was denied. The Kentucky Court of Appeals affirmed the denial of the petition. Discretionary review by the Kentucky Supreme Court was denied on May 4, 1983.
 
 
 3
 As grounds for federal habeas relief, petitioner asserts that his guilty plea was involuntary and he was denied effective assistance of counsel. Upon consideration of the petition and the response, the district court denied the habeas petition holding that: (1) petitioner's guilty plea was knowing, intelligent and voluntary, Boykins v. Alabama, 395 U.S. 238 (1969); (2) the defective trial transcript was cured by the evidence obtained in the post-conviction hearing, Roddy v. Black, 516 F.2d 1380 (6th Cir.), cert. denied, 423 U.S. 917 (1975); and (3) petitioner's ineffective assistance of counsel claim was without merit. Strickland v. Washington, ---- U.S. ----, 104 S.Ct. 2052 (1984).
 
 
 4
 After a careful review of the record and state court transcript, we agree with the conclusions of the district court.
 
 
 5
 The judgment of the district court is affirmed for the reasons set forth in the memorandum opinion of Judge Charles M. Allen, dated September 17, 1984. Rule 9(d)(3), Rules of the Sixth Circuit. The motion for appointment of counsel is denied.