919 F.2d 140
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael JONES, Petitioner-Appellant,
v.
Dewey SOWDERS, Respondent-Appellee.
 No. 90-5071.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1990.
 
 1
 Before WELLFORD and ALAN E. NORRIS, Circuit Judges, and BALLANTINE, Chief District Judge.*
 
 ORDER
 
 2
 Michael Jones is a pro se Kentucky prisoner who appeals the denial of a petition for a writ of habeas corpus that he had filed under 28 U.S.C. Sec. 2254(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 In 1983, Jones was convicted of third-degree burglary and of being a persistent felony offender ("PFO") in the first degree. In his petition, Jones alleged: 1) that his counsel was ineffective because he did not investigate the 1976 guilty plea which led to Jones's current PFO conviction; 2) that he was denied due process and effective assistance of counsel when the prosecutor was allowed to discuss the availability of parole during his closing arguments; and 3) that there was not sufficient evidence to support his burglary conviction. However, Jones has abandoned his third claim, apparently because it had already been rejected by the district court in an earlier case.
 
 
 4
 A magistrate recommended that Jones's current petition be dismissed. On December 29, 1989, the district court adopted the magistrate's report and denied the petition. It is from this judgment that Jones now appeals.
 
 
 5
 Upon review, we conclude that the petition was properly denied. Although the documentary evidence that was relied on by the magistrate is missing from the federal record, there is sufficient testimonial evidence to support the state court's finding that Jones was apprised of his constitutional rights before entering his guilty plea in 1976. Cf. Roddy v. Black, 516 F.2d 1380, 1384 (6th Cir.), cert. denied, 423 U.S. 917 (1975). This uncontradicted finding is presumptively correct and it is sufficient to meet the state's burden of showing that Jones's plea was not constitutionally defective. In addition, Jones was not prejudiced by the prosecution's closing arguments regarding parole or by his trial counsel's failure to object to those arguments.
 
 
 6
 Accordingly, Jones's request for counsel is denied and the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Chief U.S. District Judge for the Western District of Kentucky, sitting by designation