William H. HAGGARD, Petitioner-Appellee,

v.

C. Murray HENDERSON, Warden, Respondent-Appellant.

John Taylor ALDRIDGE, Petitioner-Appellee,

v.

C. Murray HENDERSON, Warden, Respondent-Appellant.

Nos. 17217, 17280.

United States Court of Appeals Sixth Circuit.

Aug. 30, 1967.

Certiorari Denied Dec. 18, 1967.

See 88 S.Ct. 600.

Norman D. Lane, Nashville, Tenn., for appellee Haggard.

Jack Wright Robinson (Court Appointed), Nashville, Tenn., for appellee Aldridge.

David W. McMackin, Asst. Atty. Gen., Nashville, Tenn., George F. McCanless, Atty. Gen., and Reporter, State of Tennessee, of counsel, for appellant.

Before O'SULLIVAN, EDWARDS and McCREE, Circuit Judges.

O'SULLIVAN, Circuit Judge.

The appellees, John Taylor Aldridge and William H. Haggard, were, in different Tennessee state court trials, convicted and sentenced for major criminal offenses, and as habitual criminals. Following separate habeas corpus proceedings in United States District Courts of Tennessee, they were ordered released upon holdings that their primary convictions, for murder in the case of Aldridge and for burglary and larceny in the case

of Haggard, had been obtained in violation of the due process clause of the Fourteenth Amendment. (See Chief Judge William E. Miller's opinion, reported Haggard v. Henderson, Warden, 252 F.Supp. 763 (M.D.Tenn.1966). Judge Frank Gray's like opinion is not reported.) By the Attorney General of Tennessee, the respondent Warden prosecutes these appeals which were heard together in this Court.

The effect of the Tennessee habitual criminal statute, 7 Tenn.Code Ann. § 40–2801 et seq, is to enhance the punishment of those found guilty of a particular crime, where it is shown that they have been convicted of other serious crimes in the past.

██ Under Tennessee's then applicable "common law" method of procedure, the prosecution in these two cases was permitted to read to each jury the entire indictments, which contained counts concerning both the substantive offenses then being tried and the habitual criminal charges; and evidence of the defendants' earlier convictions was allowed to be presented as part of the state's case-in-chief.[1] It was this procedure that the District Judges found prejudicial to the defendants and deprived them of their right to a fair trial on the substantive criminal charges brought against them.

Both of the District Judges' decisions were handed down before the United States Supreme Court's opinion in Spencer v. State of Texas, 385 U.S. 554, 87 S. Ct. 648, 17 L.Ed.2d 606 (1967). That opinion declared that combining in one indictment charges of prior offenses together with the immediate charges, reading the entire indictment to the jury and offering proof of such earlier offenses, all before submitting the case to the jury, was not a state practice offensive to the proscriptions of the Fourteenth Amendment. It is clear to us that the Spencer decision controls the Haggard case, and that the order of the lower court therein must be reversed.

But the effect of Spencer on the Aldridge case calls for further discussion. 7 Tenn.Code Ann. § 40–2801 requires a showing of three prior felony convictions before the sanction imposed by the statute can be invoked in a criminal proceeding. At Haggard's trial only three prior offenses were proved. But at Aldridge's murder trial not just three earlier convictions were introduced into evidence, but eight—offenses ranging from larceny to attempted murder. Counsel for appellee Aldridge contends that this showing of so many earlier convictions to the jury far exceeded whatever legitimate purpose the State of Tennessee had in attempting to enforce its habitual criminal statute, and could only have been done with the intent to prejudice the jury against Aldridge. For this reason, counsel argues, the Spencer decision is distinguishable and inapposite here.

Counsel for appellant responds that the need to show three prior convictions under 7 Tenn.Code Ann. § 40–2801 is merely a minimum requirement, and that the prosecution would have been derelict in not introducing all the evidence available to it in order to prove its case.

██ The factual determination of habituality was a jury question. We do not believe that the prosecution should have been forced to guess at what point it had presented sufficient and convincing evidence to the jury to make its case, when it had additional proof of precisely the same nature and substance. Furthermore, the prosecution had no way of knowing in advance whether any of the prior offenses would be disputed by the defense; it was not required to select and prove only three of the earlier convictions, hazarding a successful challenge to

[1]. Tennessee has now abandoned this technique. Its Supreme Court has ruled that a jury may not be informed of a habitual criminal charge until it first brings in a verdict in the main case. Harrison v. State of Tennessee, 394 S.W.2d 713 (1965). The Court held therein that the decision was not to be given retroactive effect. 394 S.W.2d at 718. Haggard's trial took place in March of 1955 and Aldridge was tried in May of 1959.

the validity of one or more of them. We do not consider that the prosecution's conduct here critically distinguishes the Aldridge case from Spencer v. State of Texas, supra.

Inasmuch as Aldridge is presently serving a valid 21 year sentence for his murder conviction, we cannot consider at this time his claim that six of his prior convictions are void. Browning v. Crouse, 327 F.2d 529, 530, 531 (C.A.10, 1964). At his trial he did not deny that he was the person convicted in all eight of the previous offenses, but now charges that some undefined constitutional failing infected six of them.

The orders of the District Courts granting the petitions for writs of habeas corpus are reversed.

EDWARDS, Circuit Judge (concurring).

I concur with the opinion of the court which holds that Spencer v. State of Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), controls our decision and commands reversal.

I would like simply to note that absent the *Spencer* decision, I would have voted for affirmance for the reasons advanced by the United States District Judge in Haggard v. Henderson, 252 F.Supp. 763 (M.D.Tenn.1966).