**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Judy K. WHITEUS, Defendant-Appellant.**

**No. 77–5095.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 10, 1977.

Decided Jan. 23, 1978.

Max Kravitz, Columbus, Ohio (Court appointed), for defendant-appellant.

William W. Milligan, U. S. Atty., Columbus, Ohio, Patrick J. Hanley, Cincinnati, Ohio, for plaintiff-appellee.

Before PHILLIPS, Chief Circuit Judge, EDWARDS, Circuit Judge, and GRAY,* Senior District Judge.

PER CURIAM.

Appellant Judy K. Whiteus has appealed her conviction on five counts charging violations of 18 U.S.C. §§ 495, 1708, and 2 involving two United States Treasury checks. She was originally charged with six counts, but was acquitted on a count charging her with forgery of the endorsement on one of the checks.

Appellant asserts that her convictions on three of the charges, involving one check, should be reversed because the evidence was insufficient to support the verdict and, in connection with all of the convictions, asserts that the trial judge failed to give a cautionary instruction in connection with certain rebuttal testimony and committed other errors in his charge to the jury.

* The Honorable Frank Gray, Jr., Senior Judge, United States District Court for the Middle District of Tennessee, sitting by designation.

Upon consideration, the court is of the opinion that the convictions must be reversed on the basis of the Appellant's contention with reference to failure to instruct the jury properly in connection with the rebuttal testimony.

At trial, the Government sought to establish that the Defendant had forged the endorsements on the two checks in question and that she had persuaded one Patty Parks to cash the checks for her at two different grocery stores. Defendant took the stand in her own defense and denied that she had done anything unlawful and stated that she had merely provided transportation for Parks, the real culprit. On cross-examination, the following colloquy occurred:

"Q. Now, directing your attention to around October 1st [1975], which would have been about a month after . . . [the incidents charged in the indictment], are you acquainted with Harold Jacobs?

"A. Yes.

"Q. Are you acquainted with Mary Doers?

"A. Yes.

"Q. Did you and Ruth Blackson drive to Mary Doer's house on that day in your car?

"A. Yes.

"Q. Did you drive to Harold Jacobs' house?

"A. Yes.

"Q. Then did you go to another house and pick up Patty Parks?

"A. No, I don't remember.

"Q. Did you not pick up Patty Parks?

"A. No.

"Q. You didn't go to the IGA store and you did not ask her to give her a check to go in and cash; you didn't do that?

"A. No, I didn't."

In rebuttal, the Government called Ruth Blackson, who testified, over Defendant's objection, that she and Defendant had picked up Patty Parks on October 1, 1975 (about one month after the events alleged in the indictment), and that the three of them had gone to a grocery store where Parks cashed a check given her by Defendant. Blackson did not say that the check was stolen, but such an inference could easily be made from her testimony. At the close of the evidence, Defendant asked that the jury be instructed that Blackson's statements could only be considered by it as it might pertain to Defendant's credibility. The Court denied this request and gave no cautionary instruction in connection with the Blackson testimony.

This rebuttal testimony not only tended to show that the Defendant had made false statements on the witness stand, it also suggested to the jury that Defendant had subsequently been guilty of acts of a like nature to those charged and thus was guilty of the offenses charged. It is clear that the failure to give a cautionary instruction to the jury was error.

Although the evidence in this case might well support the verdicts reached by the jury, the evidence was far from overwhelming, and was certainly somewhat confusing with reference to transactions pertaining to one of the checks involved. We believe that the failure to give a cautionary instruction must necessarily have prejudiced the Defendant's cause and that the error cannot, therefore, be deemed harmless. *See: United States v. Semak,* 536 F.2d 1142 (6th Cir. 1976); *United States v. Lester,* 491 F.2d 680 (6th Cir. 1974).

In view of this decision, it is unnecessary to address the other contentions made by Defendant. The convictions are Reversed.