Robert LONBERGER,
Petitioner-Appellant,

v.

Arnold R. JAGO, Superintendent Southern Ohio Correctional Facility,
Respondent-Appellee.

No. 79–3100.

United States Court of Appeals,
Sixth Circuit.

Argued April 3, 1980.

Decided June 11, 1981.

Norman G. Zemmelman, Britz & Zemmelman, John Czarnecki, Hayward, Cooper,

Straub, Walinski, & Cramer Co., L. P. A., Toledo, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Randall G. Burnworth, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Robert Lonberger, pro se.

Before LIVELY and BROWN, Circuit Judges, and PECK, Senior Circuit Judge.

JOHN W. PECK, Senior Circuit Judge.

█ Pursuant to the United States Supreme Court's order of April 20, 1981, —— U.S. ——, 101 S.Ct. 1967, 68 L.Ed.2d 290, we now further consider this case in light of *Sumner v. Mata*, 449 U.S. 764, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), a decision rendered after our opinion herein of December 1, 1980, 635 F.2d 1189. *Sumner* requires that a federal court must explain, in a decision rendered in a habeas corpus suit, its reasons for departing from findings of fact made by a state court after a hearing to which the habeas petitioner was a party.

The relevant facts are as follows: petitioner Lonberger was convicted in the Lucas County, Ohio, Common Pleas Court of aggravated murder with a "specification." The specification was a prior conviction of attempted murder. This prior conviction followed Lonberger's guilty plea in the Cook County, Illinois, Circuit Court in 1972.

In both the Ohio trial court and in the Ohio Court of Appeals, Lonberger unsuccessfully challenged the validity of his 1972 guilty plea and conviction. Lonberger contended that he did not knowingly plead guilty to attempted murder, but rather thought he was "copping out to aggravated battery." His supposed plea to attempted murder was, according to Lonberger, voluntarily but not intelligently made, and thus was not valid under constitutional standards. *See Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

The Ohio trial court upheld the validity of Lonberger's 1972 plea following a pretrial evidentiary hearing. The only evidence concerning the validity of this plea was the transcript of the entry of the plea and the testimony of Lonberger himself. On this evidence, the Ohio trial court found

that the defendant is an intelligent individual, well experienced in the criminal processes and well represented at all stages of the proceedings by competent and capable counsel in Illinois. On review of the certified copy of the Illinois proceedings and a transcript of the plea of guilty, the Court finds that every effort was taken to safeguard and to protect the constitutional rights of the defendant. Therefore, the Court finds that the defendant intelligently and voluntarily entered his plea of guilty in the Illinois court.

No explicit findings were made concerning Lonberger's credibility as a witness.

The Ohio Court of Appeals, following its own review of the record, held:

The transcript from the Cook County Circuit Court proceedings at which appellant changed his plea to guilty indicated that he was represented by competent counsel. When questioned by the court, appellant answered affirmatively that he was pleading guilty to "the offense of aggravated battery on one Dorothy Maxwell, * * * attempt on Dorothy Maxwell with a knife, * * * [and] the offense of aggravated battery on Wendtian Maxwell * * *." Appellant further affirmed that he understood that he was waiving his right to trial and to confront witnesses, that he understood the penalties that could be imposed, that he was motivated to plead guilty by an offer of a reduced sentence, and that he had not otherwise been threatened or promised anything. Through his counsel, appellant stipulated that there were sufficient facts to sustain the charges contained in the indictment. We find from the record of this proceeding and from the record of the pre-trial hearing in the instant case, that the trial court did not err in ruling that appellant's guilty plea was voluntarily and knowingly made and that the evidence of the prior conviction should be submitted to the jury. Appellant's second assignment of error is not well taken.

Lonberger, after exhausting his appellate remedies in the Ohio courts, unsuccessfully petitioned the United States District Court for a writ of habeas corpus. We reversed the judgment of the district court and ordered issuance of the writ should Lonberger not be retried. *See Lonberger v. Jago*, 635 F.2d 1189 (6th Cir. 1980). The basis for our judgment was that Lonberger's 1972 guilty plea to attempted murder was not demonstrably an intelligent one, and was therefore invalid under federal constitutional standards. This conclusion is directly contrary to the conclusions of both of the Ohio courts that considered the question of the validity of Lonberger's 1972 plea. We now expressly hold that these factual determinations by the Ohio courts are not fairly supported by the records that were before them. This we are empowered to do by 28 U.S.C. § 2254(d)(8). *Sumner v. Mata, supra*, requires that federal courts state their rationales for exercise of this power.

 The basis for our disagreement with the factual determinations of the state courts can be briefly stated. The question of an effective waiver of a federal constitutional right is governed by federal standards.[1] *Boykin v. Alabama, supra*, 395 U.S. at 243, 89 S.Ct. at 1712. A guilty plea, which works as a waiver of numerous constitutional rights, cannot be truly voluntary if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*, 426 U.S. 637, 645 n.13, 96 S.Ct. 2253, 2257 n.13, 49 L.Ed.2d 108 (1976). *Accord, Smith v. O'Grady*, 312 U.S. 329, 334, 61 S.Ct. 572, 574, 85 L.Ed. 859 (1941).

 The transcript of Lonberger's 1972 plea is inadequate to show that Lonberger was aware that he was pleading guilty to a charge of attempted murder. The inadequacies of that record were specifically noted in our opinion of December 1, 1980. *See Lonberger v. Jago, supra*, 635 F.2d at 1193–95. Chief among these inadequacies was the total lack of mention of the charge of "attempted murder." "Attempt" arose in this context:

The Court: In other words, you are pleading guilty, that you did on August 25, 1968, commit the offense of aggravated battery on one Dorothy Maxwell, and that you did on the same date attempt on Dorothy Maxwell, with a knife, is that correct?

"What is at stake for an accused facing death or imprisonment demands the utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence." *Boykin, supra*, 395 U.S. at 243–44, 89 S.Ct. at 1712. The transcript of Lonberger's 1972 plea does not evince such solicitude. The deficiencies in this transcript cause us to differ with the Ohio trial court's finding that "every effort was taken to safeguard and protect the constitutional rights of the defendant" when he entered his 1972 plea.

In the face of this inadequate transcript, the state had to demonstrate clearly and convincingly the validity of the plea. *See Lonberger v. Jago, supra*, 635 F.2d at 1194, and cases cited there. The state did not meet this burden. At the pretrial hearing, Lonberger testified that he "copped out to aggravated battery" in 1972, but had no knowledge of other charges. The Ohio prosecutors attempted to discredit this testimony by introducing copies of the 1972 indictment charging Lonberger with "the offense of attempt."[2] Lonberger denied

---

1. The district court erroneously used state standards in analyzing the validity of Lonberger's 1972 plea.

2. The indictment reads in relevant part:
 The Grand Jurors chosen, selected, and sworn, in and for the County of Cook, in the State of Illinois, in the name and by the authority of the People of the State of Illinois, upon their oaths aforesaid present that on August 25th, 1968, at and within said County Robert Lonberger committed the offense of attempt, in that he, with intent to commit the offense of murder, intentionally and knowingly attempted to kill Dorothy Maxwell by cutting Dorothy Maxwell with a knife without lawful justification, in violation of Chapter 38, Section 8–4, of the Illinois Revised Statutes 1967.

that he had ever seen or read this indictment. The prosecutors sought to imply by their questioning of Lonberger that he must have heard of the "attempt" charge either at his arraignment or in conversation with his attorneys. Lonberger testified that he had not, and the state produced no contrary evidence.[3] Even though the state proved to the trial court's satisfaction that Lonberger was an "intelligent individual, well experienced in the criminal processes and well represented at all stages of the [Illinois] proceedings," such showings do not clearly and convincingly demonstrate that Lonberger received adequate notice of all the charges against him.

Lonberger's aggravated murder conviction was obtained at least in part by admission of evidence of a constitutionally infirm prior conviction. Such evidence is "inherently prejudicial." *See Burgett v. Texas*, 389 U.S. 109, 115, 88 S.Ct. 258, 262, 19 L.Ed.2d 319 (1967). The possible effects of that prejudice cannot be expunged by reducing Lonberger's sentence after a conviction is improperly obtained.

The Illinois statute cited in the indictment provided:
8–4. § 8–4. Attempt.) (a) Elements of the offense.
A person commits an attempt when, with intent to commit a specific offense, he does any act which constitutes a substantial step toward the commission of that offense.
(b) Impossibility.
It shall not be a defense to a charge of attempt that because of a misapprehension of the circumstances it would have been impossible for the accused to commit the offense attempted.
(c) Penalty.
A person convicted of an attempt may be fined or imprisoned or both not to exceed the maximum provided for the offense attempted but, except for an attempt to commit the offense defined in Section 33A–2 of this Act,
(1) the penalty for attempt to commit treason, murder or aggravated kidnapping shall not exceed imprisonment for 20 years.
(2) the penalty for attempt to commit any other forcible felony shall not exceed imprisonment for 14 years, and
(3) the penalty for attempt to commit any offense other than those specified in Subsections (1) and (2) hereof shall not exceed imprisonment for 5 years.

■ The state has argued, and may argue again, that Lonberger's case should be remanded for an evidentiary hearing so that the state might have a second shot at proving the validity of Lonberger's 1972 plea. We disagree.

Evidence of the 1972 plea was offered only as proof of a "specification" to aggravated murder—not as proof of commission of the murder charged. See Trial Transcript at 914. The Ohio Court of Appeals reversed Lonberger's aggravated murder conviction and entered a judgment of guilty of murder. The specification is not an element of the crime of murder. See O.R.C. § 2903.02. It was not suggested at trial that evidence of Lonberger's prior conviction could be admitted as proof of motive, identity, intent, or under any other exception to the general common-law rules requiring exclusion of such prejudicial evidence. Admission under such theories may be proper on retrial, if the state shows the validity of the plea. The state, however, may not save a tainted conviction by boot-

This statute obviously did not define a single crime of "attempt," but rather a class of crimes singly denominated "attempt to commit...."

**3.** In *Henderson v. Morgan, supra*, the Supreme Court stated as dictum that "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." 426 U.S. at 647, 96 S.Ct. at 2258.

Such a presumption is dispelled in this case by: Lonberger's testimony that his lawyers did not discuss the charge of "attempt" with him; Lonberger's switching lawyers between his Illinois preliminary hearing and his 1972 plea, raising the possibility that the second lawyer assumed more information had been given to Lonberger than had been in fact; the 1971 indictment's vague description of the offense of "attempt," and the Illinois trial court's own nebulous delineation of the "attempt" count at the time of Lonberger's plea.

It is also questionable whether such a presumption is proper in a case such as this one in which a prior conviction forms an element of a later crime. Under Ohio law, the "specification"—the prior conviction—had to be proved beyond a reasonable doubt. *State v. Gordon*, 28 Ohio St.2d 45, 276 N.E.2d 243 (1971).

strapping into evidence an element of a crime of which Lonberger does not stand convicted.

We recognize that *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), implied that limiting instructions were enough to dispel prejudice resulting from introduction of prior crimes evidence. The Court has, however, rejected this implication where "specific federal rights"—namely those touching the validity of a confession—were at issue. *See Burgett v. Texas, supra*, 389 U.S. at 115–16, 88 S.Ct. at 262.

The Ohio Court of Appeals itself concluded that "the defendant was prejudiced and prevented from having a fair trial" on the charge of aggravated murder.[4] That prejudice is not erased by simply reducing Lonberger's offense and sentence.

The judgment of the district court is reversed. The case is remanded with directions to issue a writ of habeas corpus unless the State of Ohio grants Lonberger a new trial within a reasonable time as determined by the district court.

---

4. The Ohio appellate court held that there was insufficient evidence of the "aggravating" rape to sustain a conviction of aggravated murder.