Glenn Morris MURRAY,
Petitioner-Appellee,

v.

SUPERINTENDENT, KENTUCKY
STATE PENITENTIARY,
Respondent-Appellant.

No. 80–3478.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 11, 1980.

Decided June 15, 1981.

Steven L. Beshear, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, Ky., for respondent-appellant.

Edwin J. Walbourn, III, Federal Public Defender, Lexington, Ky., for petitioner-appellee.

Before KEITH and MERRITT, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.

KEITH, Circuit Judge.

On March 2, 1970, Petitioner Glenn Morris Murray was indicted for the armed robbery of a food store in Versailles, Kentucky. Petitioner Murray was also charged with being a habitual criminal offender. At trial, a jury found Murray guilty of the armed robbery and of being a habitual criminal offender. Murray was sentenced to life imprisonment. Murray's conviction was upheld on direct appeal by the Kentucky Court of Appeals.

Murray then petitioned the United States District Court for the Eastern District of Kentucky for a writ of habeas corpus. The district court denied the writ, but this court, on stipulation of counsel, remanded for an evidentiary hearing on the issues presented. On remand, the district court directed that the writ of habeas corpus issue. The Commonwealth of Kentucky has appealed. We do not believe that the petitioner's constitutional rights at trial were violated. Accordingly, we reverse.

## FACTS

On December 5, 1969, two men robbed the Convenient Food Mart on South Main Street in Versailles, Kentucky. Based on descriptions of the two gunmen by employees of the store, the chief of police constructed a photographic spread. Three of the store clerks identified Petitioner Murray's photograph.

At trial, each of the three store clerks made an in-court identification of the petitioner. Each of the clerks also testified that they had picked petitioner's photograph from the photographic spread.

In order to establish the habitual criminal offender count, the state prosecutor introduced into evidence proof that the petitioner had two previous felony convictions.

The petitioner took the stand in his own defense. He testified that he was at home in Louisville on the day in question, and denied that he robbed the food store. The jury apparently did not believe him, and convicted him on both counts.

## I

In his petition for a writ of habeas corpus, Petitioner Murray first claimed that it was a violation of due process to introduce evidence of his prior convictions.

In 1970, when the petitioner was convicted, Kentucky's habitual offender statute permitted the admission of past convictions in any trial where a defendant was charged with being a habitual criminal offender.[1] In a case such as petitioner's, this meant that the prosecutor could introduce the petitioner's previous criminal record in the prosecutor's case-in-chief, as indeed occurred in this case.

---

1. The trial took place in November of 1970. Under Kentucky law at that time, K.R.S. § 431.190, a habitual criminal offender charge was presented to the jury along with the under-lying felony charge. To establish that the accused was a habitual criminal offender, the State had to prove that the accused was convicted of two previous felonies.

Kentucky has since repealed the provisions in the habitual criminal offender statute which permitted the introduction of criminal records at trial. There is now a bifurcated proceeding. The jury only hears of the defendant's record at a separate hearing.[2]

As a matter of constitutional law, it is settled that a procedure such as that allowed by Kentucky's "old" habitual criminal offender statute does not violate due process. *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967). As Judge Peck recently wrote in *Lonberger v. Jago*, 635 F.2d 1189, 1192 (6th Cir. 1980), *vacated and remanded on other grounds*, —— U.S. ——, 101 S.Ct. 1967, 68 L.Ed.2d 290 (1981), "The Court [in *Spencer*] recognized the inherent prejudice of prior crimes evidence, but reasoned that a defendant's interest in avoiding such prejudice is outweighed by the State's interest in trying all the issues in a one-stage trial." *See also Wilson v. Wiman*, 386 F.2d 968 (6th Cir. 1967); *Haggard v. Henderson*, 382 F.2d 288, 289 (6th Cir. 1967).

■ A key holding of *Spencer* was that a defendant's rights are deemed protected by limiting instructions. A jury is presumed to heed an instruction directing it not to consider a defendant's prior criminal record as evidence in guilt. *See Spencer supra*, 385 U.S. at 561–62, 87 S.Ct. at 652. The logical converse of this argument is that it is unfair—and violative of due process—if evidence of other crimes is admitted without a limiting instruction. This court so held in *Evans v. Cowan*, 506 F.2d 1248 (6th Cir. 1974), *Dawson v. Cowan*, 531 F.2d 1374 (6th Cir. 1976), and *Turnbill v. Bordenkircher*, 634 F.2d 336 (6th Cir. 1980).

In this case, the state trial judge was not asked to give a limiting instruction to the jury at the time the state introduced evidence of Petitioner Murray's prior crimes. The trial judge did, however, give the following instruction to the jury at the close of the evidence:

You are not to consider the defendant's prior felony convictions, if any, as indicated [sic] that he may have committed the present felony.[3]

■ The district court thought that this limiting instruction was, by itself, inadequate to cure the prejudicial impact of the prior crimes evidence. The district court held that the trial judge was under a duty to admonish the jury when the prior crimes evidence was introduced into evidence in the middle of trial. We disagree.

First, we note that our function in reviewing a state court conviction in habeas corpus proceedings is very limited. We possess no supervisory authority over state courts. We can only issue the writ of habeas corpus if a petitioner's conviction was procured in violation of the Constitution. *See e. g. Donnelly v. DeChristoforo*, 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974).

Second, we can see nothing in *Spencer* or in our decisions applying *Spencer* which requires a cautionary instruction at the time the prior crimes evidence is introduced. In *Spencer*, the Supreme Court justified the limited admissibility of prior crimes evidence because "the jury is expected to follow instruction in limiting this evidence to its proper function." *Spencer, supra*, 385 U.S. at 562, 87 S.Ct. at 652. We see nothing in this language which suggests that limiting instructions must be given at a particular time. On the contrary, the Court in *Spencer* was careful to defer to the states' development of their trial procedures.[4] The district court's ruling would

---

2. See K.R.S. § 532.080 (1980).

3. We do not endorse this terse instruction. A more detailed explanation of the limited use of the prior conviction was called for. Compare the instruction used in *United States v. Weaver*, 565 F.2d 129, 134 (8th Cir. 1977).

   We regard the instruction here as being barely adequate.

4. The Court noted:

   A determination of the "best" recidivist trial procedure necessarily involves a consideration of a wide variety of criteria, such as which method provides the most adequate notice to the defendant and an opportunity to challenge the accuracy and validity of the alleged prior convictions, which method best meets the particular jurisdiction's allocation

require state judges to *sua sponte* give limiting instructions in the middle of trial. Such a requirement is precisely the kind of rule that the Court in *Spencer* wished to avoid imposing on the states.

We agree with the district court that the best course of action to take is for a trial judge to give limiting instructions at the time potentially prejudicial evidence is introduced. However, we do not think that the Constitution requires this in every case. We note that in some cases we have declined to reverse convictions on direct criminal appeal where evidence of prior convictions or criminal acts entered the trial, but counsel made no request for a cautionary instruction. *United States v. Cooper*, 577 F.2d 1079 (6th Cir.), *cert. denied*, 439 U.S. 868, 99 S.Ct. 196, 58 L.Ed.2d 179 (1978) (citing authorities); *United States v. Semak*, 536 F.2d 1142 (1976); *United States v. Ortiz*, 507 F.2d 1224 (6th Cir. 1974). In other cases arising on direct appeal, we have found plain error under F.R.Crim.Pro. 52(b) for failure to give a limiting instruction. However, we have never suggested that a limiting instruction need always be given in the middle of trial when evidence of prior misconduct is first introduced. *See United States v. Ailstock*, 546 F.2d 1285 (6th Cir. 1976); *United States v. Poston*, 430 F.2d 706 (6th Cir. 1970). *See also United States v. Diaz*, 585 F.2d 116 (5th Cir. 1978); *United States v. Whiteus*, 570 F.2d 616 (6th Cir. 1978). On the contrary, in *Ailstock* we stated that "the failure of the [district] court to issue a cautionary instruction, *either immediately or in the general charge*, constituted prejudicial error." 546 F.2d at 1291 (emphasis added). *Cf. United States v. Rixner*, 548 F.2d 1224, 1226–28 (5th Cir.), *cert. denied*, 431 U.S. 932, 97 S.Ct. 2639, 53 L.Ed.2d 248 (1977); (not necessarily plain error to fail to give cautionary instruction to jury at time hearsay evidence is introduced in a conspiracy case, so long as the jury was properly instructed at the close of the evidence.) (citing cases).

The course of conduct at trial is largely left to the discretion of the trial judge. We do not think that the Constitution requires a trial judge to give limiting instructions to a jury in the middle of trial as well as at the end of trial.

## II

As a second reason for issuing the writ of habeas corpus, the district court cited the fact that the jury was shown the photographic spread from which the witnesses identified the petitioner. The problem is that the photographic spread contained a "mug shot" of the petitioner.

The use of mug shot evidence is unfair and prejudicial. In cases arising on direct appeal, such evidence will often lead to reversal. *See United States v. Fosher*, 568 F.2d 207 (1st Cir. 1978) (discussing issue well and citing cases); *United States v. Reed*, 376 F.2d 226 (7th Cir. 1967); *Barnes v. United States*, 365 F.2d 509 (D.C. Cir. 1966). In *Eberhardt v. Bordenkircher*, 605 F.2d 275, 280 (6th Cir. 1979), we regarded the use of mug shot evidence as a factor contributing to the fundamental unfairness of a state trial. There, we issued the writ of habeas corpus.

■ In this case, we find no constitutional violation. Mug shot evidence is prejudicial because it informs the jury that a defendant has a criminal record. In this case, as allowed under *Spencer*, the jury was fully informed of the petitioner's criminal record. The mug shots revealed nothing that the jury did not already know. We think that the limiting instruction given was adequate to cure any incremental prej-

---

of responsibility between court and jury, which method is best accommodated to the State's established trial procedures, and of course which method is apt to be the least prejudicial in terms of the effect of prior-crime evidence on the ultimate issue of guilt or innocence .... With recidivism the ma-

jor problem that it is, substantial changes in trial procedure in countless local courts around the country would be required were this Court to sustain the contentions made by these petitioners. This we are unwilling to do. *Spencer, supra*, 385 U.S. at 567–68, 87 S.Ct. at 655–56.

udice which may have resulted from the mug shots.[5]

## III

We do not believe that constitutional error infected petitioner's state trial.[6] The judgment of the district court is reversed, and the case is remanded with directions to dismiss the petition.

Elliott Moore, Deputy Associate Gen. Counsel, Robert Smith, N. L. R. B., Washington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., for petitioner.

David Leo Uelmen, Goldberg, Previant & Uelmen, Milwaukee, Wis., for respondent.

Before WEICK and MERRITT, Circuit Judges, and CECIL, Senior Circuit Judge.

---

**5.** The district court did not consider the third issue which the petitioner raised in his petition. The petitioner contended that he was unfairly prejudiced because the jury saw him in handcuffs and shackles. Rather than remanding yet again for consideration of this issue, we shall address it now. The record shows that members of the prospective jury panel saw the petitioner in handcuffs and shackles. However, petitioner's counsel conducted an extensive voir dire of the jurors. The jurors denied that they would be prejudiced. Under these circumstances, we see no cognizable habeas corpus issue.

**6.** Our disposition of this case makes it unnecessary for us to consider the applicability of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), and our controversial decision in *Hockenbury v. Sowders*, 620 F.2d 111 (6th Cir. 1980). *See Hockenbury v. Sowders*, 633 F.2d 443 (6th Cir. 1980) (Keith and Jones, JJ., dissenting from denial of rehearing en banc).