787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOE KYLE, Petitioner-Appellant
v.
STATE OF TENNESSEE, Respondent-Appellee.
 85-5361
 United States Court of Appeals, Sixth Circuit.
 3/11/86
 
 AFFIRMED
 M.D.Tenn.
 ORDER
 BEFORE: KENNEDY and RYAN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Kyle appeals pro se from the district court's order denying his petition for a writ of habeas corpus. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In Shelby County, Tennessee Criminal Court, Kyle was convicted by a jury of armed robbery. He received a 15 year sentence. He has exhausted his state remedies.
 
 
 3
 In his appellate brief, Kyle raises an evidentiary issue and a prosecutorial misconduct issue. Concerning the evidentiary issue, the district court held that the admission into evidence of Kyle's 'mug shot' as part of a photo array did not rise to the level of a constitutional violation. The court held that the photos were probative on the issue of identity. Spencer v. State of Texas, 385 U.S. 554, 560 (1967). The court relied on the state appellate court's finding that nothing on the photos indicated that Kyle had a prior criminal record. 28 U.S.C. Sec. 2254(d).
 
 
 4
 This Court has noted that while the use of a mug shot can amount to reversible error on direct appeal, Eberhardt v. Bordenkircher, 605 F.2d 275, 279-80 (6th Cir. 1979), it does not automatically give rise to reversible error in a habeas corpus proceeding. Murray v. Superintendent, 651 F.2d 451, 454-55 (6th Cir. 1981). In the present case, the mug shot was used in a photo array after Kyle's arrest. The jury knew this fact. So it was more likely that the jury would assume the photo was taken by the police during the investigative stages of the proceedings, rather than assuming that Kyle had been convicted of previous offenses. United States v. Calarco, 424 F.2d 657, 661 (2nd Cir.), cert. denied, 400 U.S. 824 (1970); United States v. Axtman, 589 F.2d 196, 199 (5th Cir. 1979). Use of the mug shot in this case did not rise to the level of a constitutional violation.
 
 
 5
 The prosecutorial misconduct issue concerns a statement made by the prosecutor during closing argument. The prosecutor requested the jury to send a message to the community that it would not tolerate this kind of behavior. Defense counsel objected to the statement and the state court judge told the prosecutor to move on to another matter. The standard concerning this issue is whether the prosecutor's misconduct was so egregious that it violated the petitioner's right to a fair trial. Webster v. Rees, 729 F.2d 1078, 1080-81 (6th Cir. 1984). Here the prosecutor's comment was an isolated statement that was not so inflammatory that Kyle did not receive a fair trial. The district court was correct to hold that this issue was without merit.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.