991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Preston MELTON, Defendant-Appellant.
 No. 92-3498.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1993.
 
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Preston Melton appeals his jury conviction and sentence for: (1) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (3) maintaining a place for purposes of distributing and manufacturing crack cocaine in violation of 21 U.S.C. § 856(a). Defendant was sentenced to 168 months imprisonment, followed by four years of supervised release. On appeal, defendant raised two issues: (1) the admission of evidence of prior, unrelated drug transactions involving defendant; and (2) the court's failure to give a limiting jury instruction regarding the other crimes evidence. For the following reasons, we AFFIRM the judgment of the district court.
 
 FACTS
 
 2
 Cleveland Police Department officers and Bureau of Alcohol, Tobacco, and Firearms agents executed a search warrant at defendant's Cleveland apartment. Defendant and three other males were in the living room. The search uncovered several items, including: (1) a gas bill and a wallet belonging to defendant; (2) approximately 45 grams of crack cocaine hidden in various locations; (3) a .22 caliber semi-automatic pistol; and (4) various other drug paraphernalia and cutting substances. The street value of the crack cocaine was approximately $8,500, and the different items recovered were typically associated with drug traffickers.
 
 
 3
 Prior to trial, the government filed a notice of intent to present the testimony of Luis Kurnava, a confidential informant who had purchased cocaine from defendant. Kurnava was to testify as to defendant's intent, plan, knowledge, and identity, and to negate defendant's defense that he was a cocaine user, not a cocaine seller, and that there was insufficient proof of his possession. Relying on Federal Rules of Evidence 403 and 404(b), defendant filed a motion in limine seeking to exclude Kurnava's testimony. The district court overruled defendant's motion and allowed Kurnava's testimony. It held that the evidence was admissible to prove possession and an intent to distribute, but found it was not "other acts testimony." Kurnava testified that from September 1991 through October 1991, and also on the day before the search, he had purchased crack cocaine at defendant's apartment from defendant and an individual named Rob on several different occasions.
 
 I. EVIDENCE OF OTHER CRIMES
 
 4
 A district court's Rule 404(b) ruling will be reversed only upon a finding of abuse of discretion. United States v. Acosta-Cazares, 878 F.2d 945, 949 (6th Cir.), cert. denied, 493 U.S. 899 (1989). "In determining the admissibility of bad acts evidence under Rule 404(b), a trial judge is accorded 'broad discretion.' " United States v. Vance, 871 F.2d 572, 576 (6th Cir.) (quoting United States v. Ebens, 800 F.2d 1422, 1433 (6th Cir.1986)), cert. denied, 403 U.S. 933 (1989). This court must view the evidence "in the light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Zipkin, 729 F.2d 384, 389 (6th Cir.1984).
 
 
 5
 A two-step process should be followed in ruling upon evidence submitted under Rule 404(b). The district court must determine "whether the evidence would serve a permissible purpose such as one of those listed in the second sentence of Rule 404(b). If so, the court must consider whether the probative value of the evidence is outweighed by its potential prejudicial effect." (citations omitted) United States v. Huddleston, 811 F.2d 974, 976 (6th Cir.1987), aff'd, 485 U.S. 681 (1988).
 
 
 6
 The evidence was admitted to show defendant's intent, identity, and knowledge. It was probative of defendant's intent to sell crack cocaine and his identity as a possessor of crack cocaine. Thus, the evidence's probative value outweighed any prejudicial effect. Accordingly, this court should uphold the district court's admission of the evidence under Rule 404(b), as it did not abuse its discretion. Although the district court said it was not "other acts testimony," when it admonished the jury to consider this evidence only to show possession and intent on the day of the search, it appeared to be admitting the evidence under Rule 404(b).
 
 II. FAILURE TO INSTRUCT
 
 7
 In order for Rule 404(b) evidence to be admissible, the other crimes evidence must be substantially similar to the offense charged, and the court must issue a limiting instruction cautioning the jury not to consider such evidence for improper purposes. United States v. French, 974 F.2d 687, 694 (6th Cir.1992), cert. denied, 113 S.Ct. 1012 (1993); United States v. Feinman, 930 F.2d 495, 499 (6th Cir.1991). To avoid any prejudicial effect, it is important for the district court to caution the jury regarding the limited reasons for its admission. United States v. Sims, 430 F.2d 1089, 1092 (6th Cir.1970). "[T]he best course of action to take is for a trial judge to give limiting instructions at the time potentially prejudicial evidence is introduced. However, we do not think that the Constitution requires this in every case." Murray v. Superintendent, Kentucky State Penitentiary, 651 F.2d 451, 454 (6th Cir.1981). Thus, the trial judge has discretion in determining the time for giving the limiting instruction. Id.
 
 
 8
 The district court instructed the jury that it was to consider Kurnava's testimony only as it related to the issue of defendant's intent to possess crack cocaine for distribution. The limiting instruction was given during Kurnava's testimony only, and not during the general charge to the jury. Nevertheless, the district court "minimized any possible prejudicial effect by giving a limiting instruction to the jury before [Kurnava's] testimony was [finally] introduced." Feinman, 930 F.2d at 499; Murray, 651 F.2d at 454.
 
 
 9
 Defendant, however, asserts that the court erred by refusing to instruct the jury before deliberations on the effect of this other evidence. Defendant timely tendered to the court his request to instruct, using Section 7.13, Pattern Jury Instructions for the Sixth Circuit. That instruction is a correct statement of the law.
 
 
 10
 Under United States v. Rivera, 837 F.2d 906, 913 (10th Cir.1988), "if evidence is admitted solely under the authority of Rule 404(b), the court must give a limiting instruction both at the time the evidence is admitted and in the general charge." In this case, the court did not do that. Although it found the evidence was not solely admitted under Rule 404(b), nevertheless it is difficult to discern under what other theory the evidence was admitted, considering the court's admonition to the jury. However, under all the circumstances of this case, the failure to issue the limiting instruction in the jury's charge was harmless error. See Chapman v. California, 386 U.S. 18 (1967).
 
 III. CONCLUSION
 
 11
 For the foregoing reasons, we AFFIRM the judgment of the district court.
 
 
 
 *
 Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation