**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-40669
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RAMIRO GARCIA-CARDENAS

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-989-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Ramiro Garcia-Cardenas (Garcia) appeals the sentence imposed following his guilty plea conviction for being found in the United States unlawfully following deportation and for possession with intent to distribute marijuana. The district court sentenced Garcia to 60 months of imprisonment and four years of supervised release but did not specify whether this sentence applied to both offenses for which he was convicted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia argues that the district court's sentence is an improper general sentence and that the term of supervised release imposed for his illegal reentry offense exceeded the statutory maximum of three years. *See Benson v. United States*, 332 F.2d 288 (5th Cir. 1964); 18 U.S.C. § 3583(b)(2). The Government contends that the district court's sentence is proper because it imposed a four-year term of supervised release for the drug offense and did not impose any term of supervised release for the illegal reentry offense. Alternatively, the Government argues that any error did not effect Garcia's substantial rights.

Because the district court's judgment is unclear and the imposition of a sentence exceeding the statutory maximum is an illegal sentence and constitutes plain error, *see United States v. Sias*, 227 F.3d 244, 246 (5th Cir. 2000), we order a LIMITED REMAND to the district court to clarify the sentence imposed as to each count of conviction. Once the district court issues such clarification, the case shall be returned to this court for further proceedings. This court retains jurisdiction over this case for all other purposes.